UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS F. BLAND,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:13-cv-05358-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge.  After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On April 5, 2010, plaintiff filed applications for SSI benefits, alleging disability as of August 1, 2006, due to degenerative disc disease, asthma, and diabetes.  *See* Administrative Record ("AR") 214-17, 218-21, 245.  His claims were denied upon initial administrative review and on reconsideration.  *See* AR 81-82, 91-92, 102-06, 107-12.  A hearing was held before an administrative law judge ("ALJ") on May 23, 2012, at which plaintiff, represented by counsel,

ORDER - 1

appeared and testified, as did a vocational expert ("VE").  *See* AR 42-80.  At the hearing, plaintiff amended his alleged onset date to August 24, 2006.  *See* AR 22.

On June 25, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled.  *See* AR 19-41.  The ALJ found that diabetes with neuropathy, tobacco use disorder, obesity, lumbar degenerative disc disease, asthma, anxiety disorder, alcohol abuse, rule-out pain disorder, and major depression were severe impairments, but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 24-28.  The ALJ assessed the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the work does not require standing or walking more than 2 hours per workday and does not require more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps or stairs.  Such work also does not require any climbing of ladders, ropes, or scaffolds, does not involve even moderate exposure to hazards such a machinery or heights, and does not involve concentrated exposure to vibration, extreme humidity, or extreme temperatures.  Such work should be of low stress, defined here as consisting of simple, repetitive tasks, not requiring more than rudimentary judgment, not involving public contact, and involving no more than superficial contact with coworkers.

AR 28.  Based on this RFC, the ALJ determined plaintiff could not perform any past relevant work.  AR 33.  But considering plaintiff's age, education, work experience, and RFC, the ALJ found that he could perform jobs that exist in significant numbers in the national economy, and therefore was not disabled.  AR 34.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 10, 2013, making the ALJ's decision defendant's final decision.  *See* AR 1-6; *see also* 20 C.F.R. § 404.981, § 416.1481.  On May 13, 2014, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  *See*  Dkt. ##1,3.  The administrative record was filed with

ORDER - 2

the Court on September 11, 2013.  *See* Dkt. #11.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record and (2) in discounting plaintiff's credibility.  The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination.  *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F. Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec. of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported

ORDER - 3

by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*  The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

In evaluating the weight to be given to the opinions of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources."  Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers are considered "other sources."  20 C.F.R. §§ 404.1513(a) and (d), 416.913(a) and (d); Social Security Ruling ("SSR") 06-03p.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her.  *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.  *See Lester*, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at

ORDER - 5

1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Less weight may be assigned to the opinions of other sources.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).  However, the ALJ's decision should reflect consideration of such opinions, SSR 06-3p, and the ALJ may discount the evidence by providing reasons germane to each source, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010), and *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also* SSR 06-03p (ALJ should explain weight given to other source opinions or otherwise ensure that discussion of the evidence allows for following the ALJ's reasoning "when such opinions may have an effect on the outcome of the case").  The ALJ is not required to clearly link his determination to the germane reasons provided, however the decision must still be supported by substantial evidence.  *Lewis*, 236 F.3d at 512.

The medical record here includes the opinion of non-examining doctor Guthrie Turner, M.D., several opinions from treating "other source" Judy Miller, ARNP, and an opinion from treating "other source" Omar Gonzalez, PA-C.  There is no opinion from an acceptable medical source who examined or treated plaintiff.  The ALJ accepted the opinion of Dr. Turner and discounted the opinions of Ms. Miller and Mr. Gonzalez.  Plaintiff challenges the ALJ's evaluation of the opinions of Dr. Turner and Ms. Miller.

A. Dr. Turner

In October 2010, Dr. Turner reviewed the record and affirmed the July 2010 opinion of

ORDER - 6

Single Decisionmaker Krista MacDougall.  AR 658.  Ms. MacDougall opined plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk at least two hours in an eight-hour workday, and sit for about six hours in an eight-hour workday.  AR 84.  She further opined plaintiff could never climb ladders, ropes, and scaffolds; occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; and frequently balance.  AR 85.  Ms. MacDougall found plaintiff should avoid concentrated exposure to extreme cold and heat, humidity, vibration, and fumes; and even moderate exposure to hazards.  AR 87.  Other than summarizing the medical records reviewed and finding that plaintiff's alleged limitations were partly credible but not fully supported by medical findings, Ms. MacDougall offered no explanation for her opinion.  *See* AR 90.

   The ALJ gave Dr. Turner's opinion great weight and incorporated the limitations into the RFC.  AR 31.  The ALJ reasoned that Dr. Turner's opinion was "consistent with the overall record.  In particular, the assessment is consistent with the physical examination findings showing generally full muscle strength, the medical reports indicating good response to epidural injections, and the claimant's reported activities of daily living (*See e.g.*, exhibits 20F/7 and 23F/2)."  AR 32.

   "[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."  *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).  Plaintiff challenges the ALJ's finding that Dr. Turner's opinion was consistent with the overall record because Dr. Turner did not have the opportunity to review his May 2011 MRI, which showed worsening of his degenerative disc disease, or Ms. Miller's subsequent assessment of more restrictive functional limitations.  Plaintiff also contends that in relying on his physical examinations, which showed generally intact muscle strength, the ALJ

ORDER - 7

ignored findings of a mildly avoidant right gait and significant cogwheeling in the quadriceps and hamstring muscles.  *See* AR 625, 628, 632.  Finally, plaintiff asserts that the activities of daily living cited by the ALJ in support of Dr. Turner's opinion, including that he watches television, makes lunch for his mother, goes outside if the weather is good and walks around, fishes, and goes to the store, do not show plaintiff was more functional than alleged.  *See* AR 653.  Defendant does not respond to these arguments.  *See* Dkt. #20 at 9.

Viewing the record as a whole, the Court concludes that substantial evidence does not support Dr. Turner's opinion.  As plaintiff points out, Dr. Turner did not have the opportunity to review plaintiff's second MRI from 2011, which showed significant changes from the 2008 MRI that Dr. Turner did review.  While the 2008 MRI showed "very mild degenerative disc disease with some mild neuroforaminal narrowing seen at L4-5 and L5-S1" (AR 641), the 2011 MRI showed:

> Marked interval worsening of degenerative disc disease and facet degenerative changes in the lower lumbar spine now causing severe neural foraminal stenosis on the right at L4-L5 with compression of the existing right L5 nerve root in the neural foramen.  Mild to moderate degrees of neural foraminal stenosis bilaterally at L4-L5 and moderate left neural foraminal stenosis at L5-S1.  Development of degenerative disc disease and facet degenerative changes at L3-L4 . . . .

AR 639.  Moreover, contrary to the ALJ's finding that plaintiff had a "good response to epidural injections" that followed the 2011 MRI (AR 32), the record shows that while the first epidural injection in June 2011 provided relief for several months (AR 631, 628), plaintiff's back pain returned and the second epidural injection provided no relief (AR 627, 625).  The Court also notes that the activities of daily living cited by the ALJ would be consistent with a more restrictive RFC than Dr. Turner assessed, and therefore they do not provide independent support for Dr. Turner's opinion.

Because Dr. Turner's opinion is the only medical evidence supporting the RFC

ORDER - 8

assessment, the ALJ's erroneous reliance on that opinion was harmful. As discussed below, remand for further proceedings is the appropriate remedy in this case. On remand, the ALJ should seek input from a medical expert regarding the impact of the 2011 MRI findings on plaintiff's RFC. The ALJ should reassess plaintiff's RFC, further develop the record as necessary, and proceed with steps four and five of the sequential evaluation process.

B. Ms. Miller

Ms. Miller treated plaintiff numerous times beginning in 2008. She offered opinions regarding his functional limitations in June 2010 and in May 2012. Also in May 2012, she opined plaintiff met Listing 1.04. The Court will discuss each of these opinions below.

1. Ms. Miller's June 2010 Opinion

In June 2010, Ms. Miller opined plaintiff could stand for two hours in an eight-hour workday, sit for three hours in an eight-hour work day, lift 25 pounds occasionally, and lift 10 pounds frequently. AR 519. She further opined plaintiff's degenerative disc disease would markedly impact his ability to perform one or more basic work-related activities. AR 522. She assessed postural limitations and limited plaintiff to sedentary work. AR 522. The ALJ gave her opinion "little weight" because she is not an acceptable medical source and because her assessment was "inconsistent with the overall record. Notably, her assessment is inconsistent with the examination findings reported by an examining physician just three days prior, which indicate full motor strength, negative straight leg raise, and intact sensory tests to light touch." AR 32 (citing AR 452 (June 26, 2009 examination by Andrew Manista, M.D.)).

As plaintiff argues, the ALJ's observation that Ms. Miller is not an acceptable medical source is not a germane reason to reject her particular opinion. By definition, all nurse practitioners are not acceptable medical sources, and therefore this reason was not specific to Ms.

ORDER - 9

Miller.  *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) ("the reasons 'germane *to each witness*' must be specific") (emphasis added); 20 C.F.R. § 404.1513(d)(1).

Plaintiff contends the ALJ's second reason for rejecting Ms. Miller's June 2010 opinion was also erroneous because Dr. Manista's inconsistent examination, which the ALJ cited as occurring three days prior to Ms. Miller's opinion, actually occurred one year earlier, in June 2009.  *See* AR 452-53.  Plaintiff asserts this difference is important because his condition deteriorated over time.  Defendant responds that temporal proximity is not a legal requirement for finding Ms. Miller's opinion was inconsistent with objective clinical findings.  Defendant further argues that because Dr. Manista's examination was inconsistent with Ms. Miller's opinion, the ALJ's reasoning remains supported by substantial evidence despite the ALJ's apparent error.

An ALJ may reject an opinion that is inconsistent with the medical record.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  As defendant argues, Ms. Miller's opinion is inconsistent with Dr. Manista's unremarkable physical examination a year prior.  The ALJ, however, based his finding that this inconsistency was important on his mistaken belief that Dr. Manista's examination occurred only three days before Ms. Miller rendered her opinion.  Indeed, an opinion that is inconsistent with a physical examination that occurred only days earlier is more suspect than an opinion that is inconsistent with examination results from a full year earlier.  Although the ALJ's mistake regarding the timing of Dr. Manista's examination would not serve as an independent ground to reverse the ALJ, *see Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (when evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ), this matter is already being remanded, as discussed above.  Therefore, on remand, the ALJ also should

ORDER - 10

reevaluate Ms. Miller's 2010 opinion, taking into account the fact that Dr. Manista's examination occurred a year earlier.

### 2. Ms. Miller's May 2012 Opinion

In May 2012, Ms. Miller opined plaintiff could frequently lift and/or carry 10 pounds, occasionally lift and/or carry 20 pounds, sit for 30 minutes at a time for a total of two hours in an eight-hour workday, stand for 15 minutes at a time for a total of three hours in an eight-hour workday, and walk for 30 minutes at time for a total of three hours in an eight-hour workday. AR 645-46. She opined plaintiff could frequently push and pull, occasionally reach, and never operate foot controls, balance, stoop, kneel, crouch, crawl, or climb stairs, ramps, ladders, or scaffolds. AR 647-48. She based this opinion on plaintiff's "severe degenerative lumbar and sacral degenerative disease," "severe [right] neuroforaminal stenosis, compression of existing L5 nerve root," and "moderate [left] neural foraminal stenosis, L5 compression of S1 nerve roots." AR 645.

The ALJ gave Ms. Miller's opinion "some weight," crediting the lifting and standing limitations because they were consistent with the medical evidence. AR 32. The ALJ, however, rejected the remaining limitations because they were "inconsistent with the overall record and because Nurse Miller does not support her opinion with examination findings." *Id.* The ALJ also stated that Ms. Miller's opinion indicated plaintiff's functional limitations began before March 31, 2010, "but her basis for this knowledge is lacking." *Id.* (citing AR 651).

Plaintiff argues the ALJ erred because he did not explain which evidence was inconsistent with Ms. Miller's opinion. Plaintiff also asserts that, contrary to the ALJ's finding, Ms. Miller supported the limitations she assessed with reference to objective findings, namely the May 2011 MRI. He further contends the ALJ erroneously ignored his long-term treating

ORDER - 11

relationship with Ms. Miller in finding that she had no basis for opining his limitations began prior to March 31, 2010.

Defendant responds that the ALJ was not required to cite the specific record so long as he notes "arguably germane reasons" for rejecting Ms. Miller's opinion that are supported by substantial evidence, even when the ALJ does "not clearly link his determination to those reasons." Dkt. #20 at 7-8 (quoting *Lewis*, 236 F.3d at 512). Defendant asserts substantial evidence supports the ALJ's finding because Ms. Miller's opinion was inconsistent with evidence that plaintiff was able to shampoo carpets, mow lawns, pull weeds, and work in the yard. *See* AR 31 (citing AR 500). Defendant also argues the 2011 MRI does not support Ms. Miller's opinion because she stated that his functional limitations existed prior to March 31, 2010, thus well before the 2011 MRI. *See* AR 651.

Although an ALJ may reject an opinion that is inconsistent with the record, *see Tommasetti*, 533 F.3d at 1041, the ALJ here did not adequately link his findings with substantial evidence in the record. Defendant's attempt to salvage the ALJ's lack of explanation by pointing to plaintiff's carpet cleaning and yard work is unpersuasive because plaintiff performed those activities in June 2008, nearly four years before Ms. Miller's April 2012 opinion. *See* AR 500. Given that plaintiff's condition and symptoms worsened over time, plaintiff's activities in 2008 are not substantial evidence supporting the ALJ's rejection of Ms. Miller opinion in 2012. *See* AR 29 (ALJ's decision recognizing worsening symptoms beginning in 2009); AR 638 (2011 MRI showing significant changes from plaintiff's 2008 MRI).

Nevertheless, this error was harmless because the ALJ properly rejected Ms. Miller's opinion as inadequately supported by clinical findings. *See Batson*, 359 F.3d at 1195 (ALJ may reject a medical opinion that does not have supportive objective evidence). Although the 2011

ORDER - 12

MRI findings Ms. Miller relied upon provide objective evidence of plaintiff's functional limitations in 2012, they do not provide the same level of support for her opinion that plaintiff's functional limitations began prior to March 31, 2010, over a year before the MRI.  Plaintiff's argument that the ALJ should have considered the longitudinal relationship he had with Ms. Miller does not establish that the ALJ's interpretation of the record was unreasonable.  *See Morgan*, 169 F.3d at 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)).  Because Ms. Miller cited no evidence establishing that plaintiff's functional limitations began prior to March 31, 2010, substantial evidence supports the ALJ's rejection of her opinion.

### 3. Ms. Miller's Opinion Regarding Listing 1.04

In April 2012, Ms. Miller opined plaintiff's degenerative disc disease met Listing 1.04.  AR 650.  The ALJ rejected her opinion for several reasons, including that she did not find all of the required elements in the Listing.  AR 32.  Plaintiff nevertheless contends Ms. Miller's opinion establishes he could meet or equal Listing 1.04(C).  This listing requires a showing of "lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain *and weakness*, and resulting in inability to ambulate effectively, as defined in 1.00B2d."  20 C.F.R. Pt. 404, Subpt. P, Appendix 1, Listing 1.04(C) (emphasis added).  Ms. Miller's opinion, however, does not state that plaintiff has any weakness.  *See* AR 650.  Therefore, substantial evidence supports the ALJ's finding that Ms. Miller's opinion does not establish plaintiff met or equaled Listing 1.04.

ORDER - 13

II.     The ALJ's Assessment of Plaintiff's Credibility

Plaintiff challenges the ALJ's finding that his medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible.  AR 29.  Because this case is being remanded for reconsideration of the medical evidence, and credibility determinations are inescapably linked to conclusions regarding medical evidence, 20 C.F.R. § 404.1529, the Court reverses the ALJ's credibility finding and remands the issue.  After re-evaluating the medical evidence, the ALJ should reassess plaintiff's testimony and provide clear and convincing reasons for rejecting it should such a conclusion be warranted.

III.    This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."  *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the

ORDER - 14

record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, as plaintiff contends, remand for further proceedings is the appropriate remedy so the ALJ can reevaluate the medical evidence.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 5th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 15